UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80944-CV-COHN/SELTZER

MARCUS ABREGO, individually and
on behalf of all others similarly situated,

    Plaintiff,

vs.

BAKER LANDSCAPE CORPORATION,
a Florida Corporation, and MARK ALLEN
BAKER, an individual,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Conditional Collective Action Certification [DE 14] ("Motion"). The Court has considered the Motion, Defendants' Response [DE 25], Plaintiff's Reply [DE 26], and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On August 10, 2010, Plaintiff Marcus Abrego brought this action on behalf of himself and all others similarly situated against Defendant Baker Landscape Corporation ("Baker Landscape") and Baker Landscape's owner, Defendant Mark Allen Baker. DE 1. The Complaint [DE 1] brings a single claim for violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff states that he "routinely worked about 3 hours of 'off-the-clock' unpaid overtime per week, including mandatory off-the-clock meetings." DE 14 at 1. Defendants admit that they underpaid Plaintiff on some weeks because of a problem with their payroll system, but deny that the payroll error

occurred with respect to any other employees. Id. at 2. Plaintiff nonetheless contends that "[u]pon information and belief, numerous employees of the Defendants were and are currently being improperly denied wages in the same manner that Plaintiff was." Id.

On October 17, 2010, Plaintiff filed its Motion for Conditional Collective Action Certification, seeking a preliminary certification of this action as a representative collective action with the following collective class:

> All employees employed by Baker Landscape Corporation or Mark Allen Baker who have substantially the same duties and responsibilities as Plaintiff but who were not paid for all hours worked, or not paid for overtime work, at any time since August 27, 2007.

Id. at 3. Plaintiff's Motion also requests that the Court approve and facilitate the forms and procedure necessary to notify the class, including ordering Defendants to refrain from influencing, misleading, or discouraging putative plaintiffs from joining this action. Id.

## II. LEGAL STANDARD

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b) (1998). Moreover, § 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party-plaintiffs. Id. It is well settled in the Eleventh Circuit that a district court has the authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in process. See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). Before determining whether to exercise such power, however, Dybach instructs that

"the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach, 942 F.2d at 1567-68.

The Eleventh Circuit recommends a two-tiered approach in determining whether to notify and certify a § 216(b) opt-in class. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001). Under this approach, the Court initially applies a lenient standard when deciding whether to conditionally certify a class, in the early stages of litigation, and applies a more rigorous standard in the later stages of litigation, usually when the defendant files a motion for decertification. See id. at 1218, 1219. This case is currently in the early stages of litigation, so the Court will apply the lenient standard.

### III. ANALYSIS

Even under the lenient standard, Plaintiff still has "the burden of demonstrating a reasonable basis for crediting [his] assertions that aggrieved individuals existed in the broad class that [he] proposed." Haynes v. Singer Co, Inc., 696 F.2d 884, 887 (11th Cir. 1983). As described below, Plaintiff has not met this burden as to either Dybach requirement: (1) that there are other employees who desire to opt-in, or (2) that these employees are similarly situated to Plaintiff. Dybach, 942 F.2d at 1567-68.

First, no other individual has filed a notice of consent to opt-in. Though courts have granted collective class notice motions where only a small number of additional plaintiffs joined after the lawsuit was filed, see, e.g., Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005 WL 84500, at *2, *3 (S.D. Fla. Jan. 3, 2005) (ten additional plaintiffs indicated willingness to opt-in); Barrett v. Capital Acquisitions Mgmt. Co., No. 03-62091-CIV, 2004 WL 5309097, at *2 (S.D. Fla. March 15, 2004) (eight

additional plaintiffs joined), Plaintiff has not demonstrated that a single additional plaintiff wishes to opt-in to this case. Instead, Plaintiff urges the Court to loosen the standard for granting certification in order to accommodate employees who might be undocumented immigrants who may not want to come forward out of fear of retaliation or deportation. DE 14 at 2, 2 n.1. Plaintiff cannot rely on such speculative, vague, and conclusory allegations. Rodgers v. CVS Pharmacy, Inc., No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. March 23, 2003). "Rather, a showing that others desire to opt-in is required before certification and notice will be authorized by the court," id., and Plaintiff has not made such a showing here. Even in the Declaration attached to Plaintiff's Reply, [DE 26-1], Plaintiff's statements that "the company hired a lot of illegal immigrants," DE 26-1 ¶ 2, and "paid them less than $7.00 per hour," id., and that Plaintiff "had discussions with some of [his] co-workers about this," id., still do not demonstrate that those co-workers desire to opt-in.

      Second, Plaintiff has also failed to establish that there are other similarly situated potential plaintiffs. Plaintiff has not described his job title, job functions, pay provisions, or those of any other potential plaintiffs, nor has he provided any affidavits identifying pervasive violations by Defendants. Though Plaintiff's burden is not heavy, he must still make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which 'successfully engage defendants' affidavits to the contrary.'" Grayson, 79 F.3d at 1097. Generalizations will not do. Rodgers, 2006 WL 752831, at *6 (citing Hipp, 252 F.3d at 1219, and Grayson, 79 F.3d at 1096). Accordingly, Plaintiff has not met his burden to obtain preliminary collective class certification or notification in this case.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Conditional Collective Action Certification [DE 14] is **DENIED without prejudice**. Plaintiff may refile a motion in accordance with the standards described above by **December 17, 2010**.

**DONE AND ORDERED** in the Chambers of Fort Lauderdale, Broward County, Florida on this 2ND day of December, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF